## DURIE vs McLISH.

### Opinion Delivered October 26, 1899.

*Unlawful Detainer—Demand must be made for Property.*

> In an action of unlawful detainer, upon termination of tenancy, it must be shown that demand was made in writing for the delivery of the premises before bringing suit. If this is not done the court should instruct the jury to return a verdict for the defendant.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action by Richard McLish and Lee Cruce against Charles Durie for unlawful detainer of a certain lot. Judgment for plaintiffs. Defendant appeals. Reversed.

This is an action by appellees against appellant for unlawful detainer of a certain lot in the town of Ardmore. The complaint alleges that the plaintiffs (appellees here) were the owners and entitled to the possession of the lot in controversy, that the defendant was in possession of same

by virtue of a rental contract which had expired, and that defendant unlawfully held possession. The answer admitted the tenancy, but denied the plaintiffs' right of possession, claiming that defendant had paid or tendered the rent up to and including the time of the bringing of the suit. A trial was had, resulting in verdict and judgment for the appellees for recovery of the possession of the premises, and damages. Motion for new trial was filed, overruled, exceptions saved, and appeal regularly taken.

*A. Eddleman, C. B. Kendrick, H. C. Potterf*, and *W. F. Bowman*, for appellant.

*Johnson & Cruce*, for appellees.

CLAYTON, J. Several errors are assigned by appellant, but it will only be nec ,sary to consider the one as to the refusal of the court to instruct the jury to return a verdict for the defendant. This is an action for unlawful detainer. The plaintiffs relied wholly upon their rental contracts with the defendant. None of the elements of the action of ejectment enter into the case. The plaintiffs did not plead, nor did they seek to prove, their title to the premises, but based their entire right to recovery upon the termination of the relation of landlord and tenant between them and the defendant. In actions for unlawful detainer, it must be shown that demand was made in writing for the delivery of the possession of the premises. In this case this was not done. It is not alleged in the complaint, nor established by proof. On the contrary, the testimony of the plaintiffs affirmatively shows that no such demand was made. The court should therefore have instructed the jury to return a verdict for the defendant. Mansf. Dig. §§ 3348-3351 (Ind. T. Ann. St. 1899, §§ 2282-2285). Let the judgment of the court below be reversed, and the cause remanded.

SPRINGER, C. J., and THOMAS and TOWNSEND, JJ., concur.